UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-CV-24583-CIV-REYES

ANTONIO HERNANDEZ

    Plaintiff,

vs.

ITW FOOD EQUIPMENT GROUP, LLC
d/b/a HOBART and
PHILIP BASSUK

    Defendants
_____/

## AMENDED COMPLAINT FOR DAMAGES

Antonio Hernandez ("Hernandez") sues ITW Food Equipment Group, LLC d/b/a Hobart ("Hobart") and Philip Bassuk ("Bassuk") and alleges as follows:

### Jurisdiction

1. This is an action for damages which exceeds Fifteen Thousand ($30,000.00) Dollars, but less than exclusive of attorney's fees and Court costs.

2. Venue is proper in Miami Dade County, Florida as Defendants reside and/or do business in Miami Dade County, Florida.

### The Parties/Participants

3. Plaintiff, is an individual residing in Miami Dade County, Florida and is *sui juris*.

4. Defendant, Hobart, is a corporation doing business in Miami Dade County, Florida.  Bassuk is a resident of Florida is sui juris and was at all material times hereto a supervisor of Plaintiff.

## General Allegations

5. Plaintiff was an employee of Hobart located in Miami Dade County, Florida since 1998 with excellent performance. From 2008 to 2017, Plaintiff worked for the Cruise line business where his title was Marine Logistics Manager. In that position, Plaintiff made toppers award for five years and was one of the only employees making the most revenues and profits in the nation based upon his performance.

6. On or about October 2015, Plaintiff had a major accident and was required to take disability for a year. During that time, from October 2015 to October 2016, Bassuk continued to force Plaintiff to work from home. During that time, Plaintiff complained to Human Resources that he was forced to take his vacation pay and disability, but still being forced to work full time by Bassuk. Bassuk refused to allow Plaintiff to take time for the therapy he required. Because of the actions of Bassuk, the leg of Plaintiff never healed properly, and to this day is deformed and Plaintiff is forced to take ongoing pain medication. Upon return from disability, Bassuk wrote up Plaintiff and gave him a probation letter (based upon false allegations). In February 2017, Plaintiff was involved in an auto accident and provided doctors notes that could not stand for long periods of time. Bassuk refused to abide by accommodations, required Plaintiff to have a note for each absence for a doctors appointment and attempted to remove his work vehicle from him. In February 2017, Bassuk moved Plaintiff's desk to a back room (Plaintiff had been in same office for ten years) with no A/C and in front of the restroom door while allowing another employee to use a vacant office for his dog. On or about March 16, 2017, Plaintiff made a complaint to

Hobart about harassment by Bassuk.  Human Resources never responded to this letter.

7. In August 2017, Plaintiff's position was changed to Customer Care Representative and responsibility was taken away from him as well as his company car. In 2018, Manager Hope Abke took over the Cruise line business.  On or around August 3, 2018, Plaintiff was given another new title called Key Accounts.  This position came with a lower hourly rate and more work and at that time Abke gave Plaintiff an unjustified bad performance review.  The review was disagreed with in writing by Plaintiff. On or about February 19, 2019, Plaintiff was given another new set of guidelines to follow which other Key Account Reps were not required to follow (such as Teresa, Carol, Zoe, and Robby). Plaintiff asked Abke whether he was the only key Account Rep that had the performance criteria given to him and Abke agreed he is the only one with those performance criteria. When Abke was asked why, no response was given to him by Abke.  On may 29, 2019, three months later, Plaintiff was placed by Abke on a 60 day probation period for no reason. On or around July 8, 2019, Plaintiff sent a complaint letter to Hobart complaining about race and age discrimination against him.

8. In response to Plaintiff's complaints of discrimination, on or about July 15, 2019, his employment was terminated based upon his race, age, disability, and in retaliation for complaints of discrimination.

9. Plaintiff dual-filed his Charge of Discrimination with the EEOC. In her Charge, Plaintiff  alleged violations of the Florida Civil Rights Act.

### **Punitive Damages (as to Hobart)**

10.     Plaintiffs contends that Defendant's conduct as alleged herein was intended to cause injury to Plaintiff or was carried on by Defendant in willful disregard and conscious disregard of the rights of the Plaintiff.

11.     Alternatively, Plaintiff contends that Defendant's authorized and/or ratified the wrongful conduct for which punitive damages are sought herein, and was guilty of oppression, fraud, and malice through the actions of its officers, directors and managing agents.

12.     On the basis of Defendant's oppression, fraud and malice toward Plaintiff, and for all conduct in violation of Florida Statute §760.10, Plaintiff is entitled to exemplary and punitive damages pursuant to the Florida Civil Rights Act of 1992.

13.     Plaintiff has hired the undersigned law firm and has agreed to pay it a reasonable fee for its services.

14.      All conditions precedent necessary to maintain this action have been performed, waived or excused.

### **Count I - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Race Discrimination)(as to Hobart)**

Plaintiff reavers and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

15.     Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to his, race.

4

16.     Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a).   Plaintiff is a member of a protected class, a Hispanic employee.    Plaintiff was qualified to do the job and had excellent performance during his employment with Defendant.  Plaintiff was subjected to adverse employment actions including improper corrective actions and termination based upon his race.  Other non-Hispanic employees were treated in a more favorable fashion than Plaintiff and were not written up and/or terminated for worse conduct than Plaintiff.

17.     As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, Plaintiff seeks punitive damages, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Hobart for compensatory damages, interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count II - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Age Discrimination)(as to Hobart)

Plaintiff reavers and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

18.     Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to his age (55 years old).  Plaintiff is a member of a protected

class based upon his age of 55 years old.    Plaintiff was qualified to do the job and had excellent performance during his employment with Defendant.  Plaintiff was subjected to adverse employment actions including improper corrective actions and termination based upon his age.  Other younger employees were treated in a more favorable fashion than Plaintiff and were not written up and/or terminated for worse conduct than Plaintiff.

19. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a)

20. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, Plaintiff seeks punitive damages, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Hobart for compensatory damages,  interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count III - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Disability Discrimination)(as to Hobart)

Plaintiff reavers and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

21. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to his disability (issues with walking and standing for long

periods of time).  Plaintiff is a member of a protected class based upon his disability which causes him issues with the major life activities of walking and standing.   Plaintiff was qualified to do the job and had excellent performance during his employment with Defendant.  Plaintiff was subjected to adverse employment actions including improper corrective actions and termination based upon his disability Other younger employees were treated in a more favorable fashion than Plaintiff and were not written up and/or terminated for worse conduct than Plaintiff.  Defendant also refused to engage in the interactive process and provide accommodations to the Plaintiff for his disability.

22. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a).

23. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, Plaintiff seeks punitive damages, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Hobart for compensatory damages,  interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count IV - Violation of Florida Civil Rights Act (Fla. Stat. § 760.10) (Retaliation)(as to Hobart)

Plaintiff reavers and realleges paragraphs 1 through 14 as if fully set forth herein

and further alleges:

24. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1) (a) due to retaliation. On or about July 8, 2019, Plaintiff complained of perceived discrimination to Hobart and was terminated a short time thereafter. This was one of three or four written complaints to Hobart about discrimination and harassment.

25. Defendant unlawfully discriminated against Plaintiff in violation of Florida Statute § 760.10 (1)(a).

26. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Moreover, in accordance with Fla. Stat. § 760.11, Plaintiff seeks punitive damages, court costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Hobart for compensatory damages, interest, court costs, attorneys' fees in accordance with Fla. Stat. § 760.11, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count V- Tortious Interference with Business Relationship (Against Bassuk)

Plaintiff reavers and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

27. Plaintiff had a business relationship with Hobart that was not evidenced by

a written contract, i.e. the long time job of Plaintiff.

28.     Bassuk had knowledge of this agreement.

29.     Bassuk intentionally and unjustifiedly interfered with the agreement that Plaintiff had with Hobart. Bassuk's actions were with ulterior motives and detrimental to the interests of Hobart.  Bassuk took actions against Plaintiff due to his disability which were not in the interests of the employer and based upon his own personal interests.  It is believed that Bassuk refused to allow Plaintiff to take uninterrupted disability leave, forced him to use vacation pay, and took other actions against Plaintiff in an effort to force him to quit.  It is believed that Bassuk did not want a disabled employee working for him as it would impede his ability to earn manager bonuses.

30.     As a direct and proximate result of the actions of Bassuk  Plaintiff has suffered damages, including physical injuries and emotional damages.  Bassuks actions, creating false write ups and complaints about this long time employee also laid the ground work for Plaintiff's ultimate termination of employment.

WHEREFORE, Plaintiff demands judgment against Bassuk for damages, interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### **Demand for Jury Trial**
Plaintiff demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 29 day of November 2020: Steven S. Cula, Esq., Ogletree Deakins, et. al, 9130 S. Dadeland Blvd., Suite 1625, Miami, FL 33156.

                                    Behren Law Firm
                                    1930 N. Commerce Parkway
                                    Suite 4
                                    Weston, Florida 33326
                                    Telephone (954) 636-3802
                                    Facsimile (772) 252-3365
                                    scott@behrenlaw.com
                                    www.behrenlaw.com

                                    By:_/Scott M. Behren/_____
                                         Scott M. Behren
                                         Florida Bar No. 987786