UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-CV-24583-CIV-REYES

ANTONIO HERNANDEZ

      Plaintiff,

vs.

ITW FOOD EQUIPMENT GROUP, LLC
d/b/a HOBART and
PHILIP BASSUK

      Defendants

_____/

## PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S COMPLAINT TO BROWARD CIRCUIT COURT

COMES NOW Plaintiff Antonio Hernandez ("Plaintiff" or "Hernandez"), by and through his undersigned counsel, and hereby moves this Court to remand the Amended Complaint to Miami Dade Circuit Court and as grounds therefore hereby states:

1.      On or about November 6, 2020, Defendants removed this case to this Court, based upon the Plaintiff's Complaint which alleges damages exceeding $15,000.00.  Defendant contends that this matter was property removable based upon diversity jurisdiction.  Plaintiff contends that this matter was not properly removed and  it should be remanded back to Miami-Dade County Circuit Court.

## MEMORANDUM OF LAW

### I.  Diversity Jurisdiction Has Not Been Established

Based upon the clear allegations of the Complaint, diversity jurisdiction is not met

since Defendant's claims that Plaintiff is seeking in excess of $75,000 amounts to pure speculation on its part.

**II.    Legal Standard for Determining Amount in Controversy for Purposes of Establishing Diversity Jurisdiction.**

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."   A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).   The parties here are of diverse citizenship, thus, the only jurisdictional prerequisite at issue is the amount in controversy.

It is well established that removal statutes are to be strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1094-95 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; uncertainties are resolved in favor of remand.")  Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal.  *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

In *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1211 (11th Cir. 2007), the Eleventh Circuit stated "that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447© requires that a court review the propriety of removal on the basis of

the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction."  The court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Id.* at 1217. Consequently, when the plaintiff fails to specify damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Id.* at 1208.

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."

*Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

As such, the court may consider evidence submitted after the notice of removal is filed. *Id.*; see also *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).  A party may offer specific factual allegations addressing jurisdiction supported by evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 773 (11th Cir. 2010).

On the other hand, a court is not authorized to permit discovery concerning the jurisdictional amount.  *Lowery v. Alabama Power Co., supra,* 483 F.3d at 1215-18.

In affirming the district court's decision to remand, the court of appeals in *Lowery* said that, "in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy.... As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Lowery v. Alabama Power Co., supra,* 483 F.3d at 1210-11. The court of appeals added, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id.* at 1215.

Even if the plaintiff's Complaint is "indeterminate" in that the plaintiff did not plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams,* supra at 269 F.3d at 1319. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1320.

In reliance upon the foregoing principles, Florida federal district courts have routinely remanded claims where removing defendants did not meet the required burden of proof. *See*, e.g., *Mitchell v. Tuesday Morning, Inc.*, 2011 WL 2516239 *2-6 (M.D. Fla. April 26, 2011); *Henderson v. Ricoh Americas Corporation*, 2009 WL 5171775 *1-3 (M.D. Fla. 2009); *Snead v. AAR Manufacturing, Inc.*, 2009 WL 3242013

*1-4 (M.D. Fla. 2009); *Mathew v. S&B Engineers and Construction, Ltd.*, 2009 WL 249931 *2-4 (M.D. Fla. 2009); and *Love v. Northern Tool & Equipment Company, Inc.*, 2008 WL 2955124 *2-6 (S.D. Fla. 2008); *Elmer King v. Hydro Aluminum North America*, Inc., Case NO: 3:11-cv-1038-J-32JBT (M.D. Fla. 1/5/12); *Moreland v. Suntrust Bank,* Case No: 2:13-cv-242-FtM-29UAM (M.D. Fla. 7/15/13)(remand of case based upon speculation as to amount in controversy); *Lobat Ghazizadeh v. Bank of America, N.A.*, Case No: 2:14-cv-123-FtM-38CM (M.D. Fla. 4/2/14)("The Court however is not satisfied that Ghazizadeh's request for compensatory, emotional distress, and punitive damages makes this matter reach the minimum required amount in controversy, these amounts are purely speculative."); *Helmut G. Biffar v. GCA Services Group, Inc.*, 15-cv-1154-T-33TGW (M.D. Fla. 7/1/15)("Federal jurisdiction is limited, and removal statutes are construed narrowly and uncertainties are resolved in favor of remand").

Based upon the Notice of Removal, the Defendants calculation of damages for removal purposes is completely speculative.

Accordingly, the Defendant still did not meets its burden of proving the jurisdictional amount for removal without rank conjecture and speculation.   The Defendants support their Notice of Removal with complete and total speculation about potential back pay, potential  front pay, time to trial, punitive damages and attorneys fees.  This type of speculative evidence is not sufficient to support a Notice of Removal and therefore this matter should be remanded back to Circuit Court.

## II.  Philip Bassuk was Not Fraudulently Joined So Complete Diversity Does Not Exist

Defendants contend Plaintiff cannot possibly state any cause of action against

Jay Lerew and that since he has been fraudulently joined, the case is removable based upon diversity jurisdiction.  Defendant can't satisfy the burden of proof for a fraudulent joinder in this case and therefore the case must be remanded back to Miami Dade Circuit Court.

In order for a Defendant to prove fraudulent joinder, the removing party must prove by clear and convincing evidence that either (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court. *Sylvia Hunt v. Target Corporation*, Case No: 14-80266-CIV-MARRA (S.D. Fla. 4/18/2014).  This burden of proof is a heavy one.  *Id.*  This Court is supposed to review the Complaint and the Affidavits submitted in support of the removal and Motion for Remand and utilize the same standard as when ruling on a Motion for Summary Judgment.  *Id.*  In applying this standard, this Court must evaluate all factual allegations in the light most favorable to the Plaintiff and resolve any uncertainties about the law in favor of the Plaintiff.  S*ilverman v. Wells Fargo Insurance Services USA, Inc*., 20 F.Supp.3d 1357 (S.D. Fla. 2014).   Defendants must have proven by clear and convincing evidence that Plaintiff can't state even a colorable cause of action against Lerew  as a matter of law.  *Id.*  Where a Plaintiff states even a colorable claim against a Defendant, joinder is proper and the case should be remanded to state court.  *Joseph Zaremba v. Orthopedics, Inc*., Case No: 8:14-cv-1016-T-33TGW (M.D. Fla. 7/7/14). The fact that the plaintiff may not ultimately prevail is of no consequence.  *Id.*  "…all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action."  *Id; See also, Taylor Newman Cabinetry, 2010 WL 4941666, at *5* The Plaintiff's

subjective motivation for joining the resident defendant is also irrelevant. S*ilverman v. Wells Fargo Insurance Services USA, Inc*., 20 F.Supp.3d 1357 (S.D. Fla. 2014)(remanding case to state court where Court cannot conclude that there is no possibility that the allegations of the Complaint would state a claim for tortious interference).  The claims against the resident Defendant must be frivolous and the mere possibility of stating a valid cause of action makes the joinder legitimate.  *Carl's Furniture, Inc. v. APJL Consulting, LLC*, Case No: 15-60023-CIV-Altonaga. (S.D. Fla. 3/30/15). *See also, Yini Torres v. Humana*, Case No: 16-61219-CIV-DIMITROLEAS (S.D. Fla. 8/8/16); *Diana Rodriguez-Lugo v. Simplexgrinnell, LP*, Case No: 16-81194-CV-Middlebrooks (S.D. Fla. 10/13/16); *Breauna Jordan v. Ewan Brown*, Case No: 18-cv-1572-T-36AEP (S.D. Fla. 1/10/19); *Rosalinda Hartsing v. BB&T Corp*., 19-cv-60098-Bloom/Valle (S.D. Fla. 4/8/19); *Amber Hackshaw v. Ferguson Enterprises, LLC*, Case No: 20-60298-CIV-MORENO (S.D. Fla. 3/3/20).      Upon reviewing the Complaint and Declarations of Defendants, Defendant has not satisfied its burden of demonstrating by clear and convincing evidence that there is no possible colorable claims against Bassuk.  Under the case of *Alexis v. Ventura*, 66 So.3d 986 (Fla. 3rd DCA 2011), the Third District Court of Appeals held that an employee may state a cause of action against a supervisor, in an employment case, where the actions of the supervisor were solely with ulterior purposes.  *Id.* at 988; *See also, Lock v. City of W. Melbourne,* Case No: 6:12-cv0680-Orl-36TBS (M.D. Fla. 4/24/15*)*(denying summary judgment based upon *Alexis*)*; Clifton v. Titusville Center for Surgical Excellence, LLC*, Case No: 6:15-cv-1604-Orl-37KRS (M.D. Fla. 1/19/16)(denying supervisor Motion to Dismiss tortious interference claim based upon *Alexis*).  In Count V of the Amended Complaint,

Plaintiff states a colorable claim for tortious interference against Bassuk claiming that Bassuk took his actions with ulterior motives and detrimental to the interests of his employer where he terminated and harassed the Plaintiff due to his disability.

Based upon the foregoing, Plaintiff's Amended Complaint must be remanded back to Miami Dade County Circuit Court since the Defendants did not meets their burden of proving the jurisdictional amount for removal without rank conjecture and speculation or proving fraudulent joinder by clear and convincing evidence

**WHEREFORE**, Plaintiff respectfully requests that this Court remand Plaintiff's Amended Complaint to Miami Dade County Circuit Court and, pursuant to 28 U.S.C. § 1447©, requests an award of just costs, actual expenses, and attorney's fees incurred as a result of the removal plus such other and further relief this Court deems just and equitable under the circumstances.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 29  day of November 2020: Steven S. Cula, Esq., Ogletree Deakins, et. al, 9130 S. Dadeland Blvd., Suite 1625, Miami, FL 33156.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
       Scott M. Behren
       Florida Bar No. 987786