UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-81194-CV-MIDDLEBROOKS

DIANA RODRIGUEZ-LUGO,

    Plaintiff,

v.

SIMPLEXGRINNELL, LP, and
LARRY LAZAR,

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE comes before the Court on Plaintiff's Amended Motion to Remand Plaintiff's Complaint to Palm Beach Circuit Court ("Motion") (DE 17) and Plaintiff's Declaration of Diana Rodriguez-Lugo in Support of Motion to Remand ("Plaintiff's Declaration") (DE 18), both filed on August 27, 2016. On September 15, 2016, Defendants filed a Response to Plaintiff's Amended Motion to Remand ("Response"). (DE 23). For the reasons stated below, Plaintiff's Motion is granted.

### BACKGROUND

Plaintiff filed a complaint in state court on April 13, 2016 against Tyco Integrated Security, LLC and Larry Lazar ("Lazar"). (DE 1-2 at 4). On May 25, 2016, Plaintiff amended her complaint ("Complaint") to replace Tyco Integrated Security, LLC with Simplexgrinnell, LP ("Simplexgrinnell"). (DE 1-2 at 15). Plaintiff served Defendants with the Complaint on June 2, 2016. The Complaint alleges a claim for violation of the Florida Civil Rights Act of 1992 ("FCRA") against Plaintiff's former employer, Simplexgrinnell, and a claim for tortious interference with a business relationship against Plaintiff's former supervisor, Lazar. (DE 1-2 at

17). Specifically, Plaintiff alleges that Simplexgrinnell and Lazar terminated her due to her sex, age, and disability. (DE 1-2 at 17). Plaintiff seeks compensatory damages, punitive damages, interest, court costs, and attorneys' fees from Simplexgrinnell, pursuant to the FCRA, and she seeks compensatory damages, interest, and court costs from Lazar. (DE 1-2 at 16-18).

On July 5, 2016, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a) ("Notice of Removal"). (DE 1). Defendants argue that this Court has subject matter jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332(a). (DE 1 at 2). Specifically, Defendants assert that (1) Lazar does not defeat diversity even though, like Plaintiff, he is a citizen of Florida because he was fraudulently joined and (2) the amount in controversy, although not specifically alleged in the Complaint, exceeds $75,000. (DE 1 at 2, 6). In support, Defendants offer the Declarations of Patricia Donahoe ("Donahoe Declaration") (DE 1-4), who is Senior Corporate Paralegal for Tyco International Management Company, LLC, and Kathy Cabanillas ("Cabanillas Declaration") (DE 1-5), who is Lazar's supervisor.

Plaintiff seeks to remand the action to state court, alleging that Defendants have not met their burden of establishing diversity jurisdiction. (DE 17 at 3-4).

## STANDARD

Any action initially brought in state court may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One type of civil action that a district court has original jurisdiction over is one between "citizens of different states" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). To establish diversity jurisdiction, the parties must be completely diverse, meaning a plaintiff and a defendant may not be a citizen of the same state. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts. *Fowler v. Safeco Ins. Co. of Am.*, 915 F. 2d 616, 617 (11th Cir. 1990). Any doubt as to the appropriateness of removal must be resolved against accepting removal jurisdiction and in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

## DISCUSSION

Defendants argue that Plaintiff fraudulently joined Lazar, a Florida citizen, to defeat diversity jurisdiction. (DE 1 at 6). Specifically, Defendants assert that Plaintiff cannot establish a tortious interference claim against Lazar because a supervisor generally does not qualify as a third party to an employment relationship when the supervisor terminates an employee on behalf of the employer. (DE 1 at 7). Plaintiff counters that her Complaint and Declaration allege that Lazar acted solely with ulterior purposes in terminating her and that therefore she has a colorable claim against Lazar. (DE 17 at 3).

Diversity is not destroyed by a fraudulently joined defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citing *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1562).

3

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380 (internal citations omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id.* (internal citations omitted). However, "[w]hen the [d]efendants' affidavits are undisputed by the [p]laintiff[], the court cannot then resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [p]laintiff['s] complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (finding district court abused discretion by concluding that plaintiffs' conclusory allegations in complaint were sufficient to contradict defendants' affidavits).

Under Florida law, a claim for tortious interference with a business relationship requires: (1) the existence of a business relationship under which the plaintiff has rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third party defendant; and (5) damage to the plaintiff caused by the interference. *Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc.*, 629 So. 2d 252, 255 (Fla. DCA 1993) (citing *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985) and *Sloan v. Sax*, 505 So. 2d 526, 527-28 (Fla. DCA 1987)). A supervisor cannot be held liable for tortious interference for terminating an employee because the supervisor is not considered a third party to the employment relationship, unless the supervisor "acts solely with ulterior purposes and the advice is not in the principal's best interest." *Alexis v. Ventura*, 66 So. 3d 986, 988 (Fla. DCA 2011) (citing *O.E. Smith's Sons, Inc., v. George*, 545 So. 2d 298, 299 (Fla. DCA 1989)). An allegation that the defendant was maliciously motivated is not sufficient to establish

4

this narrow exception, rather "[i]t is only when malice is the *sole* basis for interference that it will be actionable." *McCurdy v. Collis*, 508 So. 2d 380, 383 (Fla. DCA 1987) (emphasis in original). Therefore, for Plaintiff to state a colorable cause of action against Lazar for tortious interference, she must allege that Lazar acted solely with malice and not in Simplexgrinnell's interests when he terminated Plaintiff.

To determine if Plaintiff has sufficiently alleged that Lazar falls within the exception stated above, the Court looks to Plaintiff's pleadings at the time of removal and any affidavits she submitted in connection with this Motion. *See Pacheco de Perez*, 139 F.3d at 1380. In the Complaint, Plaintiff alleges as follows:

> 18. Plaintiff had a business relationship with Tyco that was not evidenced by a written contract.[1]
>
> 19. Lazar had knowledge of this agreement.
>
> 20. Lazar intentionally and unjustifiedly interfered with the agreement that Plaintiff had with Tyco. Lazar's actions were with ulterior motives and detrimental to the interests of Tyco. Lazar took actions against Plaintiff due to her sex, age and disability which were not in the interests of the employer.
>
> 21. As a direct and proximate result of the actions of Lazar, Plaintiff has suffered damages.

(DE 1-2 at 18). In Plaintiff's Declaration filed with her Motion, Plaintiff avers the following:

> (1) In January of 2014, Plaintiff visited the doctor and learned that she would need to take short-term disability leave to have surgery (DE 18 at 2);
>
> (2) On February 13, 2014, when Plaintiff told Lazar she needed to take disability leave, Lazar responded by emailing her a Performance Improvement Plan ("PIP") (DE 18 at 2, Ex. B);
>
> (3) Between February 13 and February 28, 2014, Lazar harassed Plaintiff with "crazy requests and demands," including emailing her a list of tasks that "could not

---

[1] When Plaintiff amended her Complaint to substitute Simplexgrinnell for Tyco, she did not replace the references to Tyco with references to Simplexgrinnell.

5

reasonably be completed by day's end" on her last day before her leave (DE 18 at 2, Ex. C);

(4) Plaintiff was absent from work on short-term disability leave from March 10 to May 27, 2014 (DE 18 at 2);

(5) When Plaintiff returned to work, Lazar terminated her, claiming that she had not complied with her PIP (DE 18 at 2);

(6) Plaintiff could not reasonably comply with the PIP because she was out on disability leave for most of its duration (DE 18 at 2);

(7) Lazar terminated Plaintiff "because his reviews were based upon the performance of his subordinates" (DE 18 at 2); and

(8) "Lazar did not like the fact that [Plaintiff] went out on disability as he made clear to [her] by unreasonable harassment and demands once [she] provided him with [her] Doctor's note." (DE 18 at 2).

Defendants argue that Plaintiff's allegations do not suggest that Lazar terminated Plaintiff *solely* for ulterior motives because Plaintiff does not deny that her poor performance was one legitimate business reason for her termination. (DE 1 at 11). In support, Defendants rely on Ms. Cabanillas' Declaration, in which she avers the following:

(1) When Plaintiff was hired as a Senior Tax Analyst, Plaintiff was expected to utilize the skills of an employee with 15 years' experience in the field (DE 1-5 at 1);

(2) However, Plaintiff exhibited poor performance shortly after commencing work, which continued throughout her employment (DE 1-5 at 2);

(3) Because of her poor performance, Plaintiff received "Below Expectations" on every one of her performance goals in her 2013 performance review (DE 1-5 at 2, Ex. A);

(4) Specific examples of Plaintiff's poor performance in her 2013 performance review include that Plaintiff was deficient in closing audits and that those audits that she did close were either primarily completed by a former employee or were poorly done (DE 1-5 at 2; DE 1-5, Ex. A);

(5) Based on her poor performance in 2013, Plaintiff was placed on a PIP (DE 1-5 at 2; DE 1-5, Ex. B);

(6) When Plaintiff did not improve to the level required to maintain her employment, she was terminated on May 27, 2014 (DE 1-5 at 2);

6

(7) Plaintiff's termination was recommended to Human Resources by both Lazar and Cabanillas (DE 1-5 at 2-3);

(8) Examples of Plaintiff's continued poor performance supporting her termination were documented, and they include her failure to take certain required steps in connection with audits in California and Texas, her failure to provide weekly status reports, and her failure to promptly respond to submissions through the TFSTaxHelp mailbox (DE 1-5 at 3, Ex. C);

(9) This documentation was submitted to Human Resources as part of Lazar and Cabanillas's recommendation to terminate Plaintiff (DE 1-5 at 3).

Plaintiff's Complaint and Declaration establish a genuine issue of fact, which the Court must resolve in the light most favorable to Plaintiff, as to whether Lazar acted with solely ulterior motives when he terminated Plaintiff. Although Defendants state that Plaintiff's poor performance was the reason for her termination, Plaintiff contends that Lazar placed her on a PIP as retaliation for her decision to take disability leave and as pretext for firing her, given that he knew her compliance with the PIP would be impossible. In support, Plaintiff offers an email showing that Lazar did not place her on a PIP until after she told him that she needed to take disability leave. (DE 18-2). Plaintiff also presents documentation that shows she was on disability leave during the majority of the PIP and that she was fired on the day that she returned to work. (DE 18-4). Finally, Plaintiff states that her sex, age, and disability were the actual reasons that Lazar fired her.

Because Plaintiff has sufficiently alleged that Lazar acted with solely ulterior motives, there is a possibility that Plaintiff could establish a claim for tortious interference with a business relationship against Lazar. As a result, Defendants have not met their burden of establishing that Lazar was fraudulently joined, and the Parties lack complete diversity. Accordingly, this Court does not have diversity jurisdiction over the action and therefore need not address whether the amount in controversy exceeds $75,000. It is hereby,

7

**ORDERED and ADJUDGED** that

(1) Plaintiff's Motion (DE 17) is **GRANTED.** This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for lack of subject matter jurisdiction.

(2) The Clerk of the Court shall **CLOSE** the case in this District.

**DONE and ORDERED** in Chambers, at West Palm Beach, Florida this /2 day of October, 2016.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record