**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 20-CV-24583-BLOOM/OTAZO REYES

ANTONIO HERNANDEZ

      Plaintiff

v.

ITW FOOD EQUIPMENT GROUP LLC
d/b/a HOBART and PHILIP BASSUK,

      Defendants

_____/

**PLAINTIFF's  REPLY IN SUPPORT OF**
**MOTION FOR REMAND**

      Plaintiff  by and through his undersigned counsel hereby files his Reply in Support of his

Motion for Remand and states as follows:

**The Amount in Controversy is Not Proven to Exceed**
**$75,000 Without Rank Conjecture and Speculation**

      Where the Complaint is indeterminate as to the amount being sought, in that the Plaintiff

did not plead specific damages, the removing party must provide by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional requirements. *Williams v. Best*

*Buy, Inc.*, F.3d 1316, 1319 (11th Cir. 2001).   "A conclusory allegation in the Notice of Removal

that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such

an assertion, is insufficient to meet the defendants' burden.  Id. at 1320.

      In reliance upon these principals, Courts have routinely remanded claims where removing

defendants did not meet the required burden of proof.  *See, Mitchell v. Tuesday Morning, Inc*.,

2011 WL 2516239 *2-6 (M.D. Fla. April 6, 2011); *Henderson v Ricoh Americas Corp*., 2009 WL

5171775 *1-3 (M.D. Fla. 2009); *Snead v. AAR Manufacturing, Inc.* 2009 WL 3242013 *1-4 (M.D. Fla. 2009); *Matthew v. S&B Engineers and Construction, Ltd.*, 2009 WL 249931 *2-4 (M.D. Fla 2009); *Love v. Northern Tool & Equipment Company, Inc.* 2008 WL 2955124 *2-6 (S.D. Fla. 2008); *Elmer King v. Hydro Aluminum North America, Inc.*, Case No: 3:11-cv-1038-J-32JBT (M.D. Fla. 1/5/12); *Moreland v. Suntrust Bank*, Case No: 2:13-cv-242-FtM-29UAM (M.D. Fla. 7/15/13)(remand of case based upon speculation as to amount in controversy); *Lobat Ghazizadeh v. Bank of America*, N.A., Case No: 2:14-cv-123-FtM-38CM (M.D. Fla. 4/2/14)("The Court however is not satisfied that Ghazizadeh's request for compensatory, emotional distress and punitive damages makes this matter reach the minimum required amount in controversy, these amounts are purely speculative"); *Helmut G. Biffar v. GCA Services Group, Inc*., Case No: 8:15-cv-1154-T-33TGW (M.D. Fla. 7/1/15)(Order granting remand of case where exceeding $75,000 would engage in pure speculation).

In this case, Defendants have clearly not met their burden of proof.  Coming up with estimated figures for fees, emotional distress, back pay and front pay, ventures into the area of conjecture and speculation that is not permitted.  *See, Helmut Biffar v. GCA Services Group, Inc*. Case No: 8:15-cv-1154-33TGW (M.D. Fla. 7/1/15).  Aside from the fact that the Defendants would be required to prove these amounts by preponderance of the evidence, which they have not done.

In addition, Defendants contend that the demand letter send prior to initiation of litigation in this matter supports removal of this matter.  Generally, a settlement offer or demand letter does not automatically establish the amount in controversy for purposes of diversity jurisdiction.  *Harris v. Cellco Partnership,* Case No: 5:15-cv-529-Oc-30PRL (M.D. Fla. 1/15/16).  A demand letter alone, where it does not contain specific and corroborating evidence of damages rather than mere puffing and posturing does not support removal of a matter to this Court.  *Mick v. De Vilbiss Air*

*Power Co*, No 6:10-cv-1390, 2010 WL 5140849 *2 (M.D. Fla. 12/14/10)("A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered 'nothing more than mere posturing'"); *Reynolds v. Busch Entertainment Corp*, No: 8:03-cv0288-T-17MSS, 2003 WL 25569730 *5 (M.D. Fla. 6/18/03); *Stern v. First Liberty Ins Corp*., 424 F.Supp.3d 1264 (S.D. Fla. 2020).  Settlement offers commonly reflect puffing and posturing especially where, as here they lack specific information to support the Plaintiff's claims for damages.  *Byerly v. NVR, Inc*., 8:20-cv-1137-T-36SPF (M.D. Fla. 8/27/20)(Order granting remand despite demand letter).  This very Court held that a similar demand letter by the undersigned's office as merely puffing and not sufficient to satisfy the jurisdictional amounts for removal.  *See, Roland Herrera v. Prospect Enterprises, Inc.*, Case No: 17-cv-62411-BB (S.D. Fla. March 2, 2018).

The demand letter in this matter sent on March 1, 2020 along with the EEOC Charge sets forth very few facts and makes a very generic demand for two years of salary.  This settlement letter is the very type of puffing or posturing that the Federal Courts in this state have routinely rejected as support for removal of a case to Federal Court.

Because the Defendants have not established the amount in controversy sufficient to remove this matter, it should be remanded back to Miami Dade Circuit Court.

### The Defendants Have Failed to Satisfy their Burden of Proving Fraudulent Joinder to Remove this Matter to this Court

"The burden of establishing fraudulent joinder is a heavy one.  Where a Plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court…."*Pacheco de Perez v. AT&T Co*, 139 F.3d 1368, 1380 (11th Cir. 1998)."In making the determination, the district court must evaluate the factual allegations in the light most favorable to the Plaintiff and resolve any uncertainties about the applicable law in the Plaintiff's favor." Id. at 1380.     The claims against those defendants who are alleged to be

fraudulently joined must be obviously frivolous and the mere possibility of stating a valid cause of action makes joinder legitimate. *Carls Furniture, Inc. v. APJL Consulting, LLC*, 15-60023-CIV, 2015 WL 1467726 at *3 (S.D. Fla. March 30, 2015). Overall the plaintiff does not need to have a winning case, merely a possibility of a valid cause of action for joinder to be legitimate. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); *See also, Rosalinda Hartsing v. BB&T Corp.,* Case No: 19-cv-60998-BLOOM/Valle (S.D. Fla. 4/8/19); *Amber Hackshaw v. Ferguson Enterprises, LLC*, Case No: 20-cv-60298-CIV-MORENO (S.D. Fla. 3/30/20).

This very Court has previously agreed that the case of *Alexis v. Ventura*, 66 So.2d 986 (3rd DCA 2011), permits an employee to bring a "colorable" cause of action against a former supervisor or manager such that the claims are properly joined and required to be remanded back to state court. *See, Rosalinda Hartsing v. BB&T Corp.,* Case No: 19-cv-60998-BLOOM/Valle (S.D. Fla. 4/8/19). Other Courts in this District have ruled in a similar fashion. *See, Hartsing v. BB&T Corp*, Case No: 19-60098, 2019 WL 151204 at *2 (S.D. Fla. April 8, 2019)(granting Motion to Remand and rejecting fraudulent joinder argument where Plaintiff asserted tortious interference claim against the supervisor that terminated the employment and alleged that the supervisor acted with "ulterior motives and detrimental to the interests of her employer); *Rodriguez-Lugo v. Simplexgrinnel, LP*, Case No: 9-16-cv-81194-DMM, Order Granting Motion to Remand, D.E. 27 at 4-8 (S.D. Fla October 13, 2016); *Torres v. Humana Marketpoint, Inc*., Case No: 0:16-cv-61219-WPD, Order Granting Motion to Remand, D.E. 17 at 4-7 (S.D. Fla. August 8, 2016).

Based upon the Complaint in this matter and the Declaration of Plaintiff filed in support of this Motion for Remand, and in light of the Alexis decision, Plaintiff clearly states a colorable claim against Bassuk that would warrant remand of this matter to Miami-Dade Circuit Court.

WHERFORE, Plaintiffs requests that this Court enter an Order remanding this matter to Miami Dade Circuit Court and for any other relief this Court deems just and proper under the circumstances.

### Certificate of Service

I HERERBY CERTIFY that a true and correct copy of the foregoing was served on this 23 day of November 2020, electronically upon opposing counsel: Steven S. Cula, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Two Datran Center, 9130 S. Dadeland Boulevard, Suite 1625, Miami, FL 33156.

BEHREN LAW FIRM
1930 N. Commerce Parkway
Suite 4
Weston, FL 33326
(954) 636-3802

By:_/Scott M. Behren/
Scott M. Behren
Fla. Bar 987786