UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 17-cv-62411-BB**

ROLAND HERRERA,

    Plaintiff,

v.

PROSPECT ENTERPRISES, INC., et al.,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand (the "Motion"), *see* ECF No. [16], seeking to remand the proceedings back to state court in Broward County, Florida. The Court has carefully reviewed the Motion, the record, all supporting and opposing submissions, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

Plaintiff originally filed this action on November 3, 2017, in the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1–2]. In the Complaint, Plaintiff alleges that he was terminated on or about September 4, 2015, due to his national origin. *See Id.* at 6. As a result, Plaintiff brought claims against his former employer, Defendant Prospect Enterprises, Inc. ("Prospect"), for a violation of Florida's Civil Rights Act, and against his former supervisor, Defendant Adam Geis, for tortious interference with a business relationship. *See Id.* at 7.

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 2 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 2 of 7

Case No. 17-cv-62411-BB

On December 8, 2017, Prospect removed the case to this Court, invoking diversity jurisdiction as the basis for removal. *See* ECF No. [1]. Specifically, Prospect alleged that the amount in controversy "indisputably" exceeds $75,000, and diversity of citizenship exists because Plaintiff fraudulently joined Geis as a defendant. *See Id*. On January 6, 2018, Plaintiff filed the present Motion. *See* ECF No. [16]. Prospect has filed its response, *see* ECF No. [22], and Plaintiff has filed his reply, *see* ECF No. [30]. Because the Court agrees that the matter in controversy does not exceed $75,000, Plaintiff's Motion is granted.[1]

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (citing 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, "'ambiguities are generally construed against removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)[2]; *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

In the Notice of Removal, Prospect asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. *See* ECF No. [1]. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in

---

[1] As a result, the Court need not reach the argument whether Defendant Geis was fraudulently joined.
[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions issued by the former Fifth Circuit Court of Appeals prior to October 1, 1981.

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 3 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 3 of 7

Case No. 17-cv-62411-BB

which the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (citation omitted).

"The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755. For example, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Id.* Whatever the evidence, it must be relevant to the amount in controversy at the time of the case's removal, and should not involve simple speculation about future benefits or future harm. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1318, 1319 (11th Cir. 2001).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l,*

3

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 4 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 4 of 7

Case No. 17-cv-62411-BB

*L.P.*, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## III. DISCUSSION

In this case, the Court commences its jurisdictional analysis by reviewing the allegations in the Complaint—the operative pleading—to determine whether the amount in controversy is satisfied. The damages in the Complaint, however, are unspecified[3]; thus, the Court turns to the notice of removal to determine whether federal jurisdiction exists. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.").

In the Notice of Removal, Defendant cites to and attaches a pre-suit demand letter sent by Plaintiff's counsel to Defendant wherein Plaintiff's counsel demanded that Defendant pay Plaintiff two years' salary or $145,600 plus his accrued and unpaid vacation pay, and an affidavit from the President of Prospect stating that Plaintiff's annual salary during his employment was $72,800. *See* ECF Nos. [1]; [1–3]; [1–4]. The Court is not persuaded, however, that the pre-suit demand letter and affidavit indicating Plaintiff's annual salary establish by a preponderance of the evidence that the jurisdictional limit has been exceeded.

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb*

---

[3] At most, Plaintiff has alleged that the damages exceed $15,000 dollars exclusive of attorney's fees and costs. *See* ECF No. [1–2].

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 5 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 5 of 7

Case No. 17-cv-62411-BB

*v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10–cv–615–J–32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, Plaintiff sent the demand letter on September 24, 2015, and November 4, 2015: that is, Plaintiff sent the demand letters within one and two months, respectively, of his firing on September 4, 2015. *See* ECF No. [1–3]. Plaintiff's demand letter seeking two years' worth of his salary at such an early stage, then, "merely reflect[s] puffing and posturing by a party." *Wilson v. Target Corp.*, No. 10–80451–CIV, 2010 WL 3632794, at *3 (S.D. Fla. Sept. 14, 2010); *see also Standridge v. Wal-Mart Stores*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

Prospect also alleged in the Notice of Removal that "back pay damages alone meet the threshold amount in controversy." *See* ECF No. [1], at 3–4. First, Plaintiff does not allege that he is seeking back or front pay: instead, the Complaint seeks compensatory damages, including mental anguish and loss of dignity, punitive damages, and attorney's fees and costs. *See* ECF No. [1–2]. Moreover, Prospect's claim that back pay damages meet the amount-in-controversy requirement at the time of removal is undermined by Plaintiff's statement, in an affidavit filed with his reply, that he obtained new employment on or about January 2, 2016. *See* ECF No. [30–1]. Thus, any back pay he would potentially be entitled to would be mitigated by the new employment he obtained four months after his firing (likely amounting to $24,266.67, a third of his salary). *See Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011) ("[M]ost courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation."); *see also Destel v. McRoberts*

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 6 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 6 of 7

Case No. 17-cv-62411-BB

*Protective Agency, Inc.*, No. 03–62067–CIV, 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004) (remanding the case because the "potential value" of the "compensatory and punitive damage claims, combined with the value of Plaintiff's other claims for relief," did not meet the amount in controversy requirement after calculating the plaintiff's back pay award based on evidence the plaintiff submitted regarding mitigation); *but see Katz v. Apple Inc.*, No. 6:10–cv–1778–Orl–19KRS, 2011 WL 1103513, at *2 (M.D. Fla. Mar. 24, 2011) (denying remand and finding that "Although a deduction for post-termination earnings is more in the nature of a setoff than a defense, for present purposes the important consideration is that it has not yet been established. Even if the $54,000 should be deducted from any back pay award, the possibility remains that Katz could avoid some or all of this deduction.").

In the Notice of Removal, Defendant also alleges that the amount-in-controversy is met because the mental anguish and loss of dignity damages, punitive damages, and attorney's fees and costs "may" and "could" exceed the jurisdictional requirement.[4] *See* ECF No. [1], at 3–4. However, such "conclusory allegation[s] in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, [are]

---

[4] Prospect then cited to *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000), noting in a parenthetical that it was a case "affirming [an] award of $150,000 damages for emotional distress in [a Florida Civil Rights Act] claim." *See* ECF No. [1], at 4. While Plaintiff's allegations in the Complaint are sparse, Prospect provided no further analysis of how *Munoz*—an age-discrimination case where the 64-year-old plaintiff was terminated after 27 years for greeting a female coworker with a kiss on the cheek following a single warning, even though management was aware of the plaintiff's practice of kissing female coworkers on the cheek and never admonished him for it, he never before received a documented reprimand and had in fact received numerous performance awards, the employee handbook outlined that termination would follow after three warnings, the reprimand was in English (and the plaintiff neither read nor spoke the language), and his replacement, who was 23 to 24 years his junior, had received several reprimands during the course of his employment, *see Munoz*, 223 F.3d at 1345 n.5—is analogous to the case at hand.

6

Case 1:20-cv-24583-BB Document 28-1 Entered on FLSD Docket 12/23/2020 Page 7 of 7
Case 0:17-cv-62411-BB Document 36 Entered on FLSD Docket 03/02/2018 Page 7 of 7

Case No. 17-cv-62411-BB

insufficient to meet the defendant's burden."[5] *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

"Removal statutes are to be construed narrowly; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Accordingly, the Court is not satisfied that Prospect has demonstrated by a preponderance of the evidence that the jurisdictional amount-in-controversy has been met.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand Plaintiff's Complaint to Broward Circuit Court, **ECF No. [16]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of March, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

[5] In its response to Plaintiff's Motion, Prospect provides many cases where compensatory damages, punitive damages, and attorney's fees and costs awards in Florida Civil Rights Act cases exceeded $75,000. *See* ECF No. [23], at 16–18. "However, Defendant does not . . . point to any underlying facts that might support such an assertion. Instead, Defendant cites to cases where other plaintiffs were awarded large amounts in compensatory and/or punitive damages without comparing the factual or legal claims made in those cases to Plaintiff's claims or explaining the relevance of those awards to the instant inquiry. Thus, in light of the Court's significantly lower estimate of Plaintiff's potential back pay award, the Court finds that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 . . . ." *Destel v. McRoberts Protective Agency, Inc.*, No. 03–62067–Civ, 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004).