UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELMUT G. BIFFAR,

        Plaintiff,
v.                            Case No. 8:15-cv-1154-T-33TGW

GCA SERVICES GROUP, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Helmut G. Biffar's Motion to Remand (Doc. # 22), filed on June 1, 2015. Defendant GCA Services Group, Inc. ("GCA") filed a response in opposition thereto on June 18, 2015. (Doc. # 28). For the reasons set forth below, and at the Motion hearing held on June 22, 2015 (Doc. # 30), Biffar's Motion to Remand is granted as this Court lacks subject matter jurisdiction.

**I. Background**

On October 11, 2006, GCA employed Biffar as a janitor at Pasco Hernando Community College. (Doc. # 2 at ¶ 6). Biffar remained employed by GCA until April 22, 2011, when GCA terminated Biffar for unauthorized computer use, "among other reasons." (Id. at ¶¶ 6, 20).

On March 7, 2012, Biffar filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission based on disability and national origin discrimination. (Id. at ¶ 3; Doc. # 8-1). Biffar subsequently initiated this action in the Circuit Court of the Sixth Judicial Circuit for Pasco County, Florida, on April 21, 2015, bringing three counts against GCA. (Doc. # 2). Count I alleges a violation of the Florida Civil Rights Act ("FCRA") based on handicap discrimination. (Id. at ¶ 32). Count II alleges a violation of the FCRA based on perceived handicap discrimination. (Id. at ¶ 37). Count III alleges a violation of the FCRA based on national origin discrimination, contending that Biffar was discriminated against because he is not Hispanic. (Id. at ¶ 40). Notably absent from the Complaint is any federal claim.

On May 12, 2015, GCA removed this action on the basis of diversity jurisdiction. (See Doc. # 1). On June 1, 2015, Biffar filed the present Motion to Remand (Doc. # 22), asserting that the dispute did not meet the amount in controversy requirement. See 28 U.S.C. § 1332. Thereafter, on June 18, 2015, GCA filed a response to the present Motion. (Doc. # 28).

**II. Legal Standard**

2

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

In this case, it is undisputed that the parties are of diverse citizenship.[1] The only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold. In the Complaint, Biffar has not specified the precise amount of relief sought in the lawsuit, instead alleging damages "in excess" of $15,000 for violations of the FCRA. (Doc. # 2 at

---

[1] According to the Notice of Removal, GCA is a Tennessee corporation with its principal place of business in Tennessee, whereas Biffar is a citizen of Florida. (See Doc. ## 1-2).

3

¶ 1). Where, as here, "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added).

### III. Analysis

As previously stated, the Complaint alleges damages "in excess" of $15,000 dollars. (Doc. # 2 at ¶ 1). Without any further specificity on damages, GCA, as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000. See Lowery, 483 F.3d at 1208.

Both parties agree that, at the time of his dismissal, Biffar was earning $7.55 per hour for approximately 40 hours a week. (Doc. # 1 at ¶ 12; Doc. # 22 at 5). By factoring in Florida's minimum wage increases from the date of termination (April 22, 2011) to the present,[2] GCA estimates that Biffar's

---

[2] According to the Notice of Removal, "Florida's minimum wage increased on the first day of 2012, 2013, 2014, and 2015 to

4

back wages would total $61,834.01. (See Doc. # 3 at ¶ 5). This amount is derived from "[t]aking Plaintiff's average hours worked per week multiplied by $7.55 for the remaining 36 weeks of 2011, and then doing the same for 2012, 2013, 2014, and (the first 19 weeks of) 2015 using the applicable minimum wage." (Doc. # 1 at ¶ 13).

In his Motion, Biffar claims that GCA did not consider that his damages were partially mitigated by Social Security Disability benefits, an amount of $716.00 per month, which Biffar began to receive in June of 2012. (Doc. # 22 at 5). Considering the Social Security Disability benefits, Biffar calculates his total possible back pay loss at $37,039.76, although he does not factor in the minimum wage increases. (Id.). However, this Court notes that the Eleventh Circuit has previously held that "Title VII awards are not subject to reduction by amount plaintiff received in unemployment compensation". See Dominguez v. Tom James Co., 113 F.3d 1188, 1189 (11th Cir. 1997)(holding that, analogous to Title VII cases, "Social Security benefits are not to be deducted from ADEA awards."); see also Brown v. A.J. Gerrard Mfg. Co., 715

---

$7.67, $7.79, $7.93 and $8.05, respectively." (Doc. # 1 at ¶ 13).

5

F.2d 1549, 1550 (11th Cir. 1983)(holding that "deducting unemployment payments from Title VII back pay awards should be consistently disallowed."). As such, the Court declines to deduct Biffar's Social Security Disability benefits from his possible back pay, and will thus adopt GCA's $61,834.01 back pay amount, for purposes of the present analysis. (Doc. # 1 at ¶ 13).

While the back pay amount alone does not satisfy the $75,000 jurisdictional requirement, GCA provides additional arguments as to why the requirement is, nevertheless, met. (See Doc. # 1; Doc. # 28). GCA contends that, in addition to back pay, Biffar seeks front pay damages, which will *likely* put the amount in controversy over the jurisdictional requirement. (Id. at ¶ 16). GCA claims that "the Court can reasonably estimate that, in addition to back pay, [Biffar] could recover front damages at the very least in an amount equivalent to one year's pay (Current minimum wage $8.05 X 37.68 hours X 52 weeks), which would increase the amount in controversy to $77,606.86." (Id. at ¶ 15).

However, speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement. See Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla.

6

Oct. 6, 2009)(finding that "Defendant's calculations regarding front pay . . . are pure speculation"); Hammer v. CVS Pharmacy Inc. ex rel. Holiday CVS, L.L.C., No. 8:14-cv-3243-T-33EAJ, 2015 WL 438351, at *3 (M.D. Fla. Feb. 3, 2015)(finding that a speculative front pay amount could not be aggregated to back pay to meet the jurisdictional requirement); see also Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010) (removing defendant suggested that one year of the plaintiff's base salary - $30,010.00 - was reasonable to include in the amount-in-controversy analysis, but, the court found that to "include this figure in calculating the amount in controversy would require this Court to 'engage in impermissible speculation'").

GCA also argues that the Court must consider compensatory damages, punitive damages, and potential attorneys' fees in the jurisdictional requirement calculation. (Id. at ¶¶ 17-18; Doc. # 28 at 7). However, the Court finds these arguments unavailing, similarly amounting only to speculation. To begin, GCA can only speculate as to potential compensatory damages, and therefore, the Court does not consider those damages in its analysis of whether the jurisdictional requirement has been met. See Golden v. Dodge-

7

Markham Co., Inc., 1 F. Supp. 2d 1360 (M.D. Fla. 1998)(determining that the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount).

The Court similarly declines to consider punitive damages as Biffar's Complaint does suggest that he seeks such damages. (See Doc. # 2). Finally, while the relevant statute – Fla. Stat. § 760.11(5) – awards attorneys' fees, it does so only by leave of court. Thus, as GCA can only speculate as to whether attorneys' fees would be awarded, the Court determines that attorneys' fees should not be considered in the jurisdictional requirement calculation.

Federal jurisdiction is limited, and removal statutes are construed narrowly and uncertainties are resolved in favor of remand. Burns, 31 F.3d at 1095. GCA, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy is in excess of $75,000. Therefore, the Court grants Biffar's Motion to Remand. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

8

(1) Plaintiff's Motion to Remand (Doc. # 22) is **GRANTED** as this Court lacks subject matter jurisdiction.

(2) The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of July, 2015.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

9