UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60098-BLOOM/Valle

ROSALINDA HARTSING,

    Plaintiff,

v.

BB&T CORPORATION and
GUADALUPE MARZOA,

    Defendants.
_____/

**ORDER ON MOTION FOR REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Rosalinda Hartsing's ("Plaintiff") Motion to Remand Plaintiff's Complaint to Broward Circuit Court, ECF No. [16] (the "Motion"). Defendant BB&T Corporation ("BB&T") filed a response, ECF No. [22] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

This case arises as a result of Plaintiff's alleged termination based upon disability. *See* ECF No. [1-1] at 6-9 ("Complaint"). In the Complaint, Plaintiff asserts a claim for violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, against BB&T and a claim for tortious interference with business relationship against her supervisor Defendant Guadalupe Marzoa ("Marzoa").[1] Plaintiff initially filed her Complaint in Broward County Circuit Court. BB&T filed a notice of removal to this Court on January 11, 2019, ECF No. [1] ("Notice"), based upon diversity

---

[1] Marzoa did not respond to the instant Motion because she had not yet been served with process.

Case 1:20-cv-24583-BB Document 28-3 Entered on FLSD Docket 12/23/2020 Page 2 of 5
Case 0:19-cv-60098-BB Document 31 Entered on FLSD Docket 04/08/2019 Page 2 of 5

Case No. 19-cv-60098-BLOOM/Valle

jurisdiction. Plaintiff now moves for remand on the basis that the amount in controversy is not met, and that, contrary to BB&T's assertion in the Notice, Marzoa was not fraudulently joined as a non-diverse defendant. Because the question of fraudulent joinder is dispositive, the Court considers it first.

## II. LEGAL STANDARD

A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations and quotations omitted).

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Id.* (internal citations omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id.* A court is to resolve the question of fraudulent joinder using a similar standard as the one applied to a motion for summary judgment. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005). Furthermore, "the claims against those defendants who are alleged to be fraudulently joined must

2

Case 1:20-cv-24583-BB Document 28-3 Entered on FLSD Docket 12/23/2020 Page 3 of 5
Case 0:19-cv-60098-BB Document 31 Entered on FLSD Docket 04/08/2019 Page 3 of 5

Case No. 19-cv-60098-BLOOM/Valle

be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate." *Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

### III. ANALYSIS

In the Notice, BB&T asserts that although Marzoa is a citizen of Florida, her citizenship should be ignored for purposes of determining diversity jurisdiction because she has been fraudulently joined. *See* ECF No. [1] at 6. Specifically, BB&T argues that Plaintiff's tortious interference claim against Marzoa is premised upon the allegation that Marzoa interfered with Plaintiff's employment relationship with BB&T by terminating Plaintiff, and that under Florida law, a party cannot tortiously interfere with its own relationship. In other words, because Marzoa was Plaintiff's supervisor, and also an employee of BB&T, she cannot be liable to another BB&T employee like Plaintiff for tortious interference as a matter of law.

The parties rely upon the same case in support of opposite arguments—*Alexis v. Ventura*, 66 So. 2d 986 (Fla. 3d DCA 2011). Plaintiff argues that *Alexis* stands for the proposition that an employee may state a cause of action against a supervisor in an employment case, where actions of the supervisor were solely with ulterior purposes. BB&T argues that *Alexis* holds that a supervisor can be sued for tortious interference with an employment relationship only when he or she has acted outside the course and scope of employment, solely for ulterior purpose, and not in the employer's best interests. BB&T provides the Declaration of Kelly Bilancione, ECF No. [1-2], to demonstrate that Plaintiff's termination was approved and based upon performance

3

Case 1:20-cv-24583-BB Document 28-3 Entered on FLSD Docket 12/23/2020 Page 4 of 5
Case 0:19-cv-60098-BB Document 31 Entered on FLSD Docket 04/08/2019 Page 4 of 5

Case No. 19-cv-60098-BLOOM/Valle

deficiencies. BB&T argues further that the allegations regarding tortious interference are conclusory and therefore fail to state a claim. Moreover, in the Amended Complaint, ECF No. [15] ("Amended Complaint"), Plaintiff fails to present any evidence to support that Marzoa acted with a sole ulterior purpose to the detriment of BB&T. The Court does not agree.

First, Plaintiff need not present evidence to support her claim at this juncture—she need only state a colorable claim. Second, in *Alexis*, the court recognized that a claim for tortious interference may lie against a co-employee. 66 So. 3d at 988. "Although an allegation that defendant was maliciously motivated does not by itself mean that defendant acted outside the scope of his employment, an allegation that the defendant was not acting on the employer's behalf or was acting to its detriment satisfies the 'third party' requirement." *Id*. (quoting *Sloan v. Sax*, 505 So. 2d 526, 528 (Fla. 3d DCA 1987)) (quotations and alterations omitted). Here, in the Complaint (and Amended Complaint), Plaintiff has alleged that Marzoa's actions were made with ulterior motives and detrimental to the interests of her employer, BB&T. *See* Complaint, ¶ 18; Amended Complaint, ¶ 22.

Moreover, whether or not Plaintiff's termination occurred as a result of discrimination by Marzoa is an issue of fact, which the Court would not resolve upon a motion to dismiss, and much less upon a motion for remand. "The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of fraudulent joinder analysis." *Pacheco de Perez*, 139 F.3d at 1380-81 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Thus, the Court cannot say that Plaintiff does not state a colorable claim against Marzoa for tortious interference.

Case 1:20-cv-24583-BB Document 28-3 Entered on FLSD Docket 12/23/2020 Page 5 of 5
Case 0:19-cv-60098-BB Document 31 Entered on FLSD Docket 04/08/2019 Page 5 of 5

Case No. 19-cv-60098-BLOOM/Valle

Because the Court does not find that Marzoa has been fraudulently joined in the instant case, the Court need not determine whether the amount in controversy is adequately pled.

Accordingly, Plaintiff's Motion, **ECF No. [16]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record