UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-60298-CIV-MORENO**

AMBER HACKSHAW,

        Plaintiff,

vs.

FERGUSON ENTERPRISES, LLC and JAY
LEREW,

        Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND

In this case, Plaintiff Amber Hackshaw alleges that her employment with Defendant Ferguson Enterprises, LLC was unlawfully terminated in retaliation for complaining to Defendant Jay Lerew, the Human Resources Business Partner, about certain working conditions that violated regulations of the Occupational Safety and Health Administration. The two-count Complaint, initially filed in state court, asserts one claim against Ferguson for violation of the Florida Whistleblower Act and one claim against Lerew for tortious interference with business relationship under Florida law. Even though Plaintiff Hackshaw and Defendant Lerew are Florida citizens, the Defendants removed the case to federal court on diversity jurisdiction grounds. Together, the Defendants argue that diversity jurisdiction exists because Lerew was "fraudulently joined" as a defendant and because the amount in controversy does not exceed $75,000. Hackshaw filed a Motion to Remand (**D.E. 6**), which the Defendants oppose (**D.E. 9**).

THE COURT has considered the Motion to Remand, the Response in Opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion to Remand is **GRANTED**.

## I.     LEGAL STANDARD

### A.     FEDERAL JURISDICTION

It is a fundamental constitutional tenet that federal courts are courts of limited jurisdiction. *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1292 (S.D. Fla. 2012). Federal courts only have subject-matter jurisdiction over a case when there is a question of federal law or there is "diversity of citizenship" between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because jurisdiction is limited, there is a presumption that a federal court lacks jurisdiction until it has been demonstrated that jurisdiction over the case exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005).

Where, as here, the non-removing party moves to remand, it is the removing party that bears the burden of showing the existence of federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). The Court must construe removal jurisdiction "narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party." *Id.*

### B.     FRAUDULENT JOINDER

Where a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the Court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter to state court. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). In such a case, the plaintiff is said to have "fraudulently joined" the non-diverse defendant. *Id.*

To establish fraudulent joinder, the removing party must meet the "heavy" burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff has fraudulently

pled jurisdictional facts to bring the non-diverse defendant into state court. *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Here, only the first basis is in dispute.

Resolving a fraudulent joinder claim is akin to ruling on a motion for summary judgment: the Court must resolve all questions of fact in favor of the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (quoting *Crowe*, 113 F.3d at 1538; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). Before a fact can be resolved in the plaintiff's favor, though, a question of fact must be raised. *Id.* at 1323. To determine whether a non-diverse party was fraudulently joined, the Court looks to the pleadings at the time of removal, and any supplemental affidavits and deposition transcripts submitted by the parties. *Id.* at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). The Court does not, however, weigh the merits of the plaintiff's claim "beyond determining whether it is an arguable one under state law." *Pacheco de Perez*, 139 F.3d at 1380–81 (quoting *Crowe*, 113 F.3d at 1538).

In short, if there is "even a possibility" that the state court would find a cause of action stated against any of the non-diverse defendants, the Court must find that the joinder was proper, and then remand the case to state court. *See Stillwell*, 663 F.3d at 1333 (describing standard as "a lax one") (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).

## II. DISCUSSION

Hackshaw argues the Court lacks diversity jurisdiction because there is not complete diversity and because the amount in controversy is not more than $75,000. The Defendants counter that there is complete diversity because Lerew, who like Hackshaw is a Florida citizen, was fraudulently joined and thus his citizenship should be ignored when deciding whether there is diversity jurisdiction. The Defendants also argue the amount in controversy exceeds $75,000.

A. **FRAUDULENT JOINDER**

Against Lerew, the Complaint asserts a single claim for tortious interference with business relationship under Florida law. (*See* D.E. 1-2 at 12–13.) The Defendants argue that, under the doctrine of fraudulent joinder, Lerew's citizenship should be disregarded for purposes of determining diversity jurisdiction because Hackshaw cannot state a claim for tortious interference against Lerew. (*See* D.E. 9 at 4–6.)

To state a claim for tortious interference under Florida law, Hackshaw must allege: (1) the existence of a business relationship between Hackshaw and Ferguson, under which Hackshaw had rights; (2) Lerew's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third-party; and (5) damage to Hackshaw caused by the interference. *See Alexis v. Ventura*, 66 So. 3d 986, 987 (Fla. 3d DCA 2011) (citing *Sloan v. Sax*, 505 So. 2d 526 (Fla. 3d DCA 1987)). Generally, a tortious interference claim will not lie against a supervisor that terminates a plaintiff's employment because the supervisor is considered a party to the employment relationship. *Id.* at 988 (quoting *Rudnick v. Sears, Roebuck & Co.*, 358 F. Supp. 2d 1201, 1206 (S.D. Fla. 2005)). But an exception does exist: "privileged interference enjoyed by a party that is integral to the business relationship" becomes "divested when the defendant 'acts solely with ulterior purposes and the advice is not in the principal's best interest.'" *Id.* (quoting *O.E. Smith's Sons, Inc., v. George*, 545 So. 2d 299 (Fla. 1st DCA 1989)). An allegation that the defendant "was not acting on the employer's behalf or was acting to its detriment satisfies the 'third party' requirement." *Id.*

The dispute here centers on the third and fourth elements[1]: whether Lerew intentionally

---

[1] The remaining elements are alleged in the Complaint and not otherwise challenged by the Defendants. (*See* D.E. at 1-2 at 12, ¶¶ 14–15 (alleging Hackshaw had a business agreement with

- 4 -

and unjustifiably interfered with the business relationship between Hackshaw and Ferguson; and whether Lerew falls under the general exception applied to supervisors. The Defendants argue the tortious interference claim fails because Lerew did not terminate Hackshaw, did not recommend Hackshaw's termination, and did not know of Hackshaw's termination until after it occurred; and because Hackshaw's termination was not based on Lerew's ulterior motives, nor were Lerew's actions against the interests of Ferguson. (*See* D.E. 9 at 4–5.) Hackshaw insists, however, that she was terminated because Lerew did not like that she was calling his job performance into question and that Lerew, being directly responsible for her termination, acted with ulterior motive and against Ferguson's interests. As discussed above, to determine whether Hackshaw has "even a possibility" of stating a claim against Lerew, the Court must look to the pleadings filed at the time of removal as well as the supplemental affidavits filed by the parties. *Stillwell*, 663 F.3d at 1333; *Legg*, 428 F.3d at 1322.

Here, after reviewing the pleadings and supplemental affidavits, the Court finds that Hackshaw has the "possibility" of stating a claim against Lerew for tortious inference. The Complaint alleges that during her employment with Ferguson, Hackshaw objected to certain conduct by Ferguson that Hackshaw believed was in violation of regulations implemented by the Occupational Safety and Health Administration that ensure workplace safety and prevent workplace bullying. (*See* D.E. at 1-2 at 11–12, ¶ 11.) In her sworn affidavit, Hackshaw asserts that she complained multiple times to Lerew about workplace safety issues including mold, the failure to address workplace bullying, the refusal to allow her time to take bathroom breaks, and the failure to properly deal with an active shooter situation. (*See* D.E. 7 at ¶ 3.) Hackshaw further

Ferguson, which Lerew knew about); *id.* at ¶ 17 (alleging Hackshaw suffered damages as a result of Lerew's actions).

- 5 -

asserts that Lerew "ignored" her because he "did not want to look bad as the Human Resources manager." *Id.*

Hackshaw also alleges in the Complaint that Ferguson terminated her employment in retaliation for complaining about workplace safety issues (D.E. at 1-2 at 12, ¶ 12), which she believes was because "Lerew did not like that [she] was calling his job performance into question," (D.E. 7 at ¶ 3). Hackshaw further alleges in the Complaint that Lerew intentionally and unjustifiably interfered with the agreement between Hackshaw and Ferguson, and that Lerew's actions had "ulterior motives" that were "detrimental to the interests of Ferguson." (D.E. at 1-2 at 12, ¶ 16.) And in her sworn affidavit, Hackshaw asserts that the issues she raised applied only to Lerew's "personal interests" and the fact that he ignored her complaints was "not in the best interest" of Ferguson. (D.E. 7 at ¶ 3.) Finally, Hackshaw asserts that "Lerew was directly responsible for [her] termination of employment." *Id.*

The Defendants offer multiple sworn affidavits in support of removal. First, Robin Bechtold, the Regional Credit Manager for Ferguson, asserts that Hackshaw was terminated "due to her poor work performance" and that she "made the decision to terminate Ms. Hackshaw with input from Zach Zimmerman." (*See* D.E. 1-5 at ¶¶ 2–4.) Second, Lerew asserts that he "did not terminate" Hackshaw, "did not recommend" Hackshaw for termination, and "did not know of" Hackshaw's termination "until after it occurred"; in short, he asserts that he "played no role" in Hackshaw's termination. (*See* D.E. 1-4 at ¶ 3.) Lerew also asserts that Hackshaw "never made 'OSHA related complaints'" to him; nor did Hackshaw ever complain to him "about bullying, mold, or the company's response to an active shooter." *See id.* at ¶ 4.

The Court finds that multiple questions of fact emerge from the pleadings and affidavits. Some questions of fact include: whether Hackshaw made OSHA complaints to Lerew; whether

- 6 -

Lerew acted with ulterior motives; whether Lerew acted against Ferguson's interests; and whether Lerew was involved in the decision to terminate Hackshaw. Hackshaw's sworn affidavit answers these questions in the affirmative (*see* D.E. 7 at ¶ 3); together, Lerew's and Bechtold's sworn affidavits answer these questions in the negative (*see* D.E. 1-4 at ¶¶ 3–4; D.E. 1-5 at ¶¶ 2–4).

These questions of fact do not get resolved at the dismissal stage, must less on a motion to remand. And although the Court does not weigh-in on the merits of Hackshaw's allegations, it is entirely possible that Hackshaw "may not ultimately prevail." *Pacheco de Perez*, 139 F.3d at 1380–81 (citing *Crowe*, 113 F.3d at 1538 (11th Cir. 1997)). Regardless, though, this does not mean Hackshaw has "not stated a cause of action for purposes of fraudulent joinder analysis." *Id.*

In short, the Court finds that—after resolving the fact questions in Hackshaw's favor, as the Court must, *see Legg*, 428 F.3d at 1322–23—Hackshaw has the "possibility" of stating a claim for tortious inferences against Lerew, *see Stillwell*, 663 F.3d at 1333. This finding aligns with others in this District[2] and is consistent with the requirement of construing removal jurisdiction "narrowly and resolv[ing] any doubts regarding . . . federal jurisdiction in favor of the non-removing party." *Pacheco de Perez*, 139 F.3d at 1373 (citing *Diaz*, 85 F.3d at 1505). Therefore, the Court must consider Lerew's citizenship in determining whether there is diversity jurisdiction.

---

[2] *See Hartsing v. BB&T Corp.*, Case No. 19-60098, 2019 WL 1515204, at *2 (S.D. Fla. Apr. 8, 2019) (granting motion to remand and rejecting fraudulent joinder argument where plaintiff asserted tortious inference claim against the supervisor that terminated the employment and alleged that the supervisor acted "with ulterior motives and detrimental to the interests of her employer"); *see also Rodriguez-Lugo v. Simplexgrinnel, LP*, Case No 9:16-cv-81194-DMM, Order Granting Motion to Remand, D.E. 27 at 4–8 (S.D. Fla. Oct. 13, 2016); *Torres v. Humana Marketpoint, Inc.*, Case No. 0:16-cv-61219-WPD, Order Granting Motion to Remand, D.E. 17 at 4–7 (S.D. Fla. Aug. 8, 2016).

### B. DIVERSITY JURISDICTION

The Defendants removed the case to federal court only on "diversity of citizenship" grounds. (D.E. 1 at ¶ 5.) The Court has diversity jurisdiction where there is complete diversity of citizenship among the parties and the amount-in-controversy exceeds $75,000. *See* § 1332(a).

Here, the Court finds that the Defendants fail to meet their burden of showing the existence of federal jurisdiction. First, the Court cannot exercise diversity jurisdiction because there is not complete diversity: Plaintiff Hackshaw and Defendant Lerew are both citizens of Florida. (*See* D.E. 1 at ¶¶ 6, 8.) And second, this lawsuit does not otherwise invoke the Court's "federal question" jurisdiction under Section 1331. (*See generally* D.E. 1; D.E. 1-2 at 10–13). Therefore, the Court lacks jurisdiction to hear this case.[3]

### CONCLUSION

For all these reasons, it is

**ADJUDGED** that the Motion to Remand (**D.E. 6**) is **GRANTED**. Accordingly, this case is **REMANDED** to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of the Court is directed to take all necessary steps to expeditiously remand the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th of March 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Clerk of the Court for the Seventeenth Judicial Circuit in and for Broward County, Florida
Counsel of Record

---

[3] Because the Court finds there is not complete diversity, the Court need not reach Hackshaw's other argument that the case should be remanded because the amount-in-controversy does not exceed $75,000.