**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-24583-BLOOM/Otazo-Reyes**

ANTONIO HERNANDEZ,

    Plaintiff,

v.

ITW FOOD EQUIPMENT GROUP LLC
d/b/a HOBART and PHILIP BASSUK,

    Defendants.
_____/

**AMENDED ORDER[1]**

**THIS CAUSE** is before the Court upon Plaintiff Antonio Hernandez's ("Plaintiff" or "Hernandez") Motion to Remand Plaintiff's Amended Complaint to the Miami-Dade Circuit Court. ECF No. [8] ("Motion"). Defendant ITW Food Equipment Group, LLC, d/b/a Hobart ("Hobart") and Philip Bassuk ("Bassuk") filed a response to the Motion, ECF No. [17] ("Response"), to which Defendants replied, ECF No. [28] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On April 27, 2020, Plaintiff initiated this discrimination action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *see* ECAF [1-2] ("Complaint"). Plaintiff filed an Amended Complaint, ECF No. [7], seeking unspecified damages, including

---

[1] The Court enters this Amended Order to reflect the proper state court that this case must be remanded to.

compensatory damages, punitive damages, and attorneys' fees for violation of the Florida Civil Rights Act ("FCRA") and for tortious interference with a business relationship. Specifically, the Complaint asserts claims for race discrimination as to Hobart in violation of the FCRA (Count I); age discrimination as to Hobart in violation of the FCRA (Count II); disability discrimination as to Hobart in violation of the FCRA (Count III); retaliation as to Hobart in violation of the FCRA (Count IV); and tortious interference with business relationship against Bassuk (Count V). *Id.*

Plaintiff is a citizen of Miami-Dade County, Florida. *Id.* Defendant Hobart is a citizen of Delaware and Illinois because it is a Delaware limited liability company with its principal place of business in Illinois and its five members are citizens of Delaware and Illinois. ECF No. [1] at 7-8; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) (when determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company is a citizen of every state of which any member is a citizen). Co-Defendant Bassuk is a citizen of Florida. ECF No. [7] at ¶ 4.

## II. LEGAL STANDARD

Title 28 of the United States Code, § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a). A removing defendant bears the burden of showing that federal jurisdiction is proper. *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

When a plaintiff has not pled specific damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C.

§ 1446(c)(2)(B) (removal is proper if district court finds by preponderance of evidence the threshold has been met). Additionally, the Court must focus on the amount in controversy at the time of the removal, not any later point. *Pretka*, 608 F.3d at 751. The Court first "examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka*, 608 F.3d at 754. When "the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience, reasonable inferences, and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing").

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)); 29 U.S.C. § 1441(b). "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. *Henderson*, 454 F.3d at 1281. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id*. "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Berber v. Wells Fargo, N.A.*, 760 F. App'x. 684 (11th Cir. 2019) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). "The defendant must make such a showing by clear and convincing evidence." *Henderson*, 454 F.3d at 1281 (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).[2] "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de* Perez, 139 F.3d at 1380.

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Through this lens, the Court addresses Plaintiff's Motion.

### III. DISCUSSION

Plaintiff contends that the removal of this case was inappropriate because the amount in controversy does not meet the required threshold and there is not complete diversity between the parties. Defendants argue that the amount in controversy requirement has been met, and there is complete diversity because Plaintiff fraudulently joined Bassuk to avoid removal to federal court.

#### A. Amount in Controversy

Defendants cite Plaintiff's pre-suit demand letter as evidence that the amount in controversy requirement has been met. ECF No. [17] at 6. The pre-suit letter demanded two years of Plaintiff's salary, $144,000.00, to settle. *Id.* The Court notes that the demand was made less than eight months after the Plaintiff was allegedly terminated. This Court is not persuaded that a pre-suit demand letter seeking a payment of two years of salary can establish, by a preponderance of the evidence, that the jurisdictional threshold has been satisfied. *Herrera v. Prospect Enters., Inc.*, No. 17-cv-62411.

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *Id.* (citing *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. 2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). As this Court has recognized, a demand letter seeking two years' worth of his salary at such an early stage "merely reflect[s] puffing and posturing by a party." *Herrera*, No. 17-cv-62411, ECF No. [36] (citing *Wilson v. Target Corp.*, No. 10–80451–CIV, 2010 WL 3632794, at *3 (S.D. Fla. 2010); *see also Standridge v. Wal-Mart Stores*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that a pre-suit demand letter

5

was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

Additionally, Defendants argue that the jurisdictional amount has been satisfied based on the possibility of front and back pay and provides Plaintiff's W-2 as evidence. ECF No. [1] at 4; *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x. 856, 857 (11th Cir. 2008) (holding that W-2 can be used to calculate back pay from date of Plaintiff's termination). However, Plaintiff's complaint does not allege that he is seeking back or front pay, and only alleges punitive damages, compensatory damages, and attorney's fees in an amount that exceeds $15,000.00. ECF No. [1-2] at 5. While Plaintiff does seek punitive damages with a cap of $100,000.00, there exists no factual support that punitive damages would reach $100,000.00 or even the amount in controversy. Fla. Stat. § 760.11(5). Defendants even acknowledges that "Plaintiff is claiming entitlement to punitive damages but has not articulated an amount in his Complaint or Amended Complaint." ECF No. [17] at 4.

Regarding compensatory damages, Defendants also acknowledges that "there is also no legal certainty" to such damages, and instead cites cases that awarded compensatory damages that were greater than the jurisdictional threshold amount. ECF No. [1] at 6. However, this Court has found that citing cases "without comparing the factual or legal claims made in those cases to Plaintiff's claims or explaining the relevance of those awards" is not sufficient to support assertions that jurisdictional threshold amount has been met. *Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067-CIV, 2004 WL 746293, at *4 (S.D. Fla. 2004).

Furthermore, Plaintiff seeks attorney's fees, which are authorized by the FCRA. Fla. Stat. § 760.11(5). "When a statute authorized the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d

1255, 1265 (11th Cir. 2000). "The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however, the evidence does not need 'to establish the amount in controversy beyond all doubt or banish all uncertainty about it.'" *DO Rests., Inc.*, 984 F. Supp. 2d at 1345 (quoting *Pretka*, 608 F.3d at 755).

The Court acknowledges the split across district courts in the Eleventh Circuit on whether reasonable attorney's fees for the amount in controversy only consider fees at the time of removal or a projection of attorney's fees through trial. *Compare DO Rests., Inc.*, 984 F. Supp. 2d at 1345, *with Bender v. GEICO Gen. Ins. Co.*, No. 8:17-cv-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017). However, the Court has taken the position that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal." *Castillo v. GeoVera Specialty Ins. Co.*, No. 21-CV-20059, 2021 WL 58116, at *3 (S.D. Fla. 2021); *Gold v. Travelers Indem. Co.*, No. 12-80036-CIV, 2012 WL 13019199, at *2 (S.D. Fla. 2012) ("The Seventh Circuit . . . , considered this issue and ruled that the amount in controversy calculation should not include 'the value of legal services that have not been and may never be incurred' because the amount of legal fees are not 'in controversy' until they are accrued." (quoting *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998))). Additionally, Defendants provide only conclusory statements that attorney's fees could "likely" exceed $75,000.00. ECF No. [1] at 7.

Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, are insufficient to meet the Defendants' burden. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving jurisdictional threshold when only offered conclusory allegations). Plaintiff's complaint would require the Court to "engage in impermissible

7

speculation" to reach the conclusion the jurisdictional amount has been satisfied. *Lowery v. Alabama Power Co., supra*, 483 F.3d 1184, 1220 (11th Cir. 2007). Therefore, because there is no evidence to make an informed assessment of the amount in controversy, "an attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id*. at 1221. The Court finds that Defendants have not met their burden of establishing that the amount in controversy satisfied the jurisdictional requirement.

### B. Fraudulent Joinder

As the Court has determined that the jurisdictional threshold has not been established, it need not determine the issue of fraudulent joinder related to Defendant Bassuk.

### C. Attorneys' Fees as Result of Removal

Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). "The standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Absent unusual circumstances, "when an objectively reasonable basis exists, fees should be denied." *Id*. "When an issue is committed to jurisdictional discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand." *Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 196, n.8 (1995). Additionally, the test for awarding fees for removal should recognize the desire to deter improper removals while also not undermining Congress' decision to give a right to remove. *Martin*, 546 U.S. at 141.

Plaintiff seeks unspecified damages, including punitive damages, compensatory damages, and attorneys' fees for alleged violations of the FCRA and tortious interference with business relationship. Fla. Stat. § 760.10; ECF No. [1-2]. It was reasonable for Defendants to believe that the amount in controversy requirement has been met. First, Plaintiff's demand letter requested two

years in pay, and Plaintiff's W-2 showed a potential for damages in back pay nearly reaching the required amount in controversy. ECF No. [17]; ECF No. [1] at 4. Additionally, punitive damages are capped at $100,000.00 according to Fla. Stat. § 760.11(5). Taking those considerations as well as the potential for compensatory damages which include, but is not limited to, "damages for mental anguish, loss of dignity, and any other intangible injuries" and potential attorneys' fees shows that Defendants had a reasonable basis to believe the amount in controversy requirement had been met. *Id*.

Furthermore, Defendants had a reasonable belief that there was complete diversity between the parties. ITW can be considered a citizen in Delaware and Illinois, and Plaintiff is a citizen of Florida. ECF No. [1] at 7-8; ECF No. [1-2]. Defendants, based on the Plaintiff's Complaint and the affidavits provided to the Court, reasonably believed that Bassuk, a citizen of Florida, was fraudulently joined. *Id.*; ECF No. [1]. Therefore, Defendants had an objectively reasonable basis for removal under these circumstances.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [8]**, is **GRANTED**.
2. Defendants are not required to pay Plaintiff "just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447.
3. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 20-cv-24583-BLOOM/Otazo-Reyes

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record